IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-01239-RBJ

RICK L. ROACH,

    Plaintiff,

v.

SAFEWAY, INC., a Delaware corporation,

    Defendant.

---

ORDER

---

    This case comes before the Court on defendant's motion for summary judgment. [docket #27]. In his complaint, the plaintiff alleged five claims for relief: two claims of discrimination under the Age Discrimination in Employment Act of 1967 (ADEA) and the Colorado Anti-Discrimination Act; and three common law claims described as wrongful termination, breach of implied contract, and promissory estoppel. In response to the motion for summary judgment, plaintiff has dropped the common law claims. [#28].

**Standard**

    "Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56 (c)). When deciding a motion for summary judgment, the Court considers "the factual record, together with all reasonable inferences derived therefrom, in the light most favorable to

the non-moving party . . . ." *Id.* The Court does not weigh the evidence or make credibility determinations. *Id.* The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. In challenging such a showing, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

**Facts**

Rick Roach began working for Safeway at one of its stores in California in 1972 and was promoted to store manager in 1985. Mr. Roach continued working for Safeway as a store manager in California and then Colorado until his employment was terminated in March 2011. Following his termination, Mr. Roach brought this lawsuit alleging that he was terminated because of his age. At the time of his termination, Mr. Roach was 60 years old, the oldest store manager in his district, and the highest paid. Roach Aff. ¶ 13.

Over the years, Mr. Roach was disciplined by Safeway for various performance issues. For example, in 1994 a performance review noted that although he was very effective at dealing with the union and his supervisor, Mr. Roach needed improvement in his effectiveness at dealing with his employees. Roach Dep. 86:21-87:24. In 2002 Mr. Roach was issued a letter of discipline and final warning by his district manager after his store had a series of inventory shortages. Roach Dep. 65:11-19, Ex. 3. In September 2006 Mr. Roach received a corrective action letter from his district manager because some of his store's display signs were not changed to the new required format. The letter advised Mr. Roach that he would be subject to discipline, up to and including termination, if he did not meet company standards. Roach Dep.

2

72:18-73:11, Ex. 4.  He received another corrective action letter a month later after his store did poorly on an audit.  Roach Dep. Ex. 5.  In 2009 Mr. Roach received a verbal warning after he did not follow company policy concerning background screening of new employees.  Roach Dep. 74:5-17, Ex. 6.  In November and December of 2010 Mr. Roach received verbal warnings related to his store's performance, and in January of 2011 Mr. Roach received a written warning for his store's failures in an audit.  Roach Dep. 75:13-24, Ex. 7; Lucero Dep. 70:2-17, 38:8-15, Ex. 4.  Despite these performance issues, Mr. Roach also had many positive performance reviews and was named Manager of the Year three times.  Pl's. Rsp. Br. Ex. 1; Roach Aff. ¶ 2.

In addition to problems with the performance of Mr. Roach's stores, there were also some problems with Mr. Roach's interactions with employees.  In 2004 an employee complained that Mr. Roach put everyone on edge and yelled at employees on the store floor during business hours.  Roach Dep. Ex. 16.  In 2006 Mr. Roach yelled at an employee with a hearing impairment.  Roach Dep. Ex. 17.  This incident led to the employee's filing a complaint with the EEOC which Safeway and the employee later settled.  Roach Dep. Ex. 18.  In January 2011 a complaint was made against Mr. Roach by second assistant manager Jackie Vigil based upon his raising his voice and using profanity in front of subordinate employees.  Lucero Dep.  41:8-22, Ex. 5.  Following this complaint, Safeway investigated and found that several employees had complaints about Mr. Roach's getting angry, raising his voice, and using profanity.  Lucero Dep. Ex. 5.  As a result, Mr. Roach was given a final warning.  Roach Dep. Ex. 20.

On March 5, 2011, two employees complained that Mr. Roach used profanity on the store floor.  Roach Dep. Ex. 21.  According to Safeway, Mr. Roach told stocker Ron Decker that "my ass is on the line," and something along the lines of "I'm tired of this shit."  Roach Dep. Ex. 21.  Following an investigation, Safeway, through its human resources director Debbie Portwood,

3

decided to terminate Mr. Roach's employment. Answer at ¶ 15. His district manager, Tina Lucero, met with Mr. Roach and terminated his employment on March 10, 2011.

Mr. Roach does not believe that his termination was a result of yelling and using profanity, but rather, that he was fired because of his age. Roach Aff. ¶ 13. Over the years, several comments were made about Mr. Roach's age. In 2008 Dean Little, Safeway's retail operator, made a comment to Mr. Roach about retiring. He said "Why are you still working? You should be retired by now, playing golf. You've been with this company 40 years. I'm sure you've got enough money." Roach Aff. ¶ 5. In 2009, while in Mr. Roach's office where he displayed awards he had won, district manager Eric Lucero asked Mr. Roach when he was going to retire and if he was going to win any awards in this decade. Roach Aff. ¶ 7. Mr. Roach responded that he found that comment offensive, and the conversation ended. *Id.* After Mr. Roach was transferred to a Safeway store in Arvada, his new district manager, Ms. Lucero, met with Mr. Roach. One of her first questions to Mr. Roach was when he planned to retire or if he had any retirement plans. *Id.* at ¶ 9.

**Conclusions**

The ADEA makes it "unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). The Supreme Court has held that this language requires that "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBI Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).[1] When a plaintiff seeks to establish his case using circumstantial

---

[1] Mr. Roach brings claims under both the ADEA and the Colorado Anti-Discrimination Act, C.R.S. § 24-34-401 *et seq.* Because "Colorado and federal law apply the same standards to discrimination claims . . . they 'rise or fall' together." *Johnson v. Weld Cnty., Colo.,* 594 F.3d 1202, 1219 (10th Cir. 2010) (citing *Colo. Civil Right Comm'n v. Big O Tires, Inc.,* 940 P.2d 397, 400 (Colo. 1997)).

evidence, the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), is applied. *Simmons v. Sykes Enters., Inc.*, 647 F.3d 943, 947 (10th Cir. 2011). Under the *McDonnell Douglas* framework plaintiff bears the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas,* 411 U.S. at 802-04; *Jones v. Okla. City Pub. Schls.,* 617 F.3d 1273, 1278 (10th Cir. 2010) (holding that although *Gross* created some uncertainty regarding burden-shifting under the ADEA, it does not preclude the application of the *McDonnell Douglas* framework to ADEA claims). If the plaintiff meets this burden, the burden of production then shifts to the defendant to provide a legitimate, non-discriminatory reason for the employment action. *McDonnell Douglas,* 617 F.3d at 802-03. Finally, the burden shifts back to plaintiff to show that the defendant's reasons were a pretext for unlawful discrimination. *Id.* at 804.

To establish a prima facie case of age discrimination, the plaintiff must show that "(1) he is within the protected age group; (2) he was doing satisfactory work; (3) he was discharged; and (4) his position was filled by a younger person." *Riveria v. City and Cnty. of Denver,* 365 F.3d 912, 920 (10th Cir. 2004); *Martinez v. Target Corp.,* 384 F. App'x 840, 849 (10th Cir. 2010); *Kosak v. Catholic Health Initiatives of Colo.,* 400 F. App'x 363, 366 (10th Cir. 2010)[2]. The parties agree that Mr. Roach has shown that he is within the protected age group, he was

---

[2] The Tenth Circuit employs several related but slightly different iterations of the test for establishing a prima facie case of discrimination under the ADEA. *See, e.g, .Jones v. Okla. Pub. Schls.* 617 F.3d 1273, 1279 (10th Cir. 2010) (requiring that a plaintiff establish that: "1) she is a member of the class protected by the ADEA; 2) she suffered an adverse employment action; 3) she was qualified for the position at issue; and 4) she was treated less favorably than others not in the protected class"); *Rangel v. sanofi aventis U.S., LLC*, No. 12-3085, 2013 WL 142040, *4 (10th Cir. Jan. 14, 2013) ("To demonstrate a prima facie case of age discrimination in the context of a RIF [Reduction in Force], Mr. Rangel must show that he (1) is within a protected age group; (2) was doing satisfactory work; (3) was discharged despite the adequacy of his work; and (4) has some evidence the employer intended to discriminate against him in reaching its RIF decision. . . . The fourth factor may be satisfied by circumstantial evidence that, during the RIF, the employer discharged the plaintiff but retained or placed a younger employee in a similar position"). Because Mr. Roach alleges that he was unlawfully terminated because of his age, the test laid out in *Riveria,* 365 F.3d at 920, is most on point for this set of facts.

discharged, and his position was filled by a younger person. Thus, the only disagreement is whether Mr. Roach was satisfactorily performing his job.

Safeway argues that Mr. Roach cannot show that he was satisfactorily performing his job because he was written up multiple times for both his stores' performance and his own temperament. Safeway explains, "Roach was clearly a poor performer and received extensive performance-related discipline while in Safeway's employ, including three warnings (two documented verbal warnings and one written warning) during the last four months of his employment." Def.'s Br. at 14.

Mr. Roach argues that there is, at the least, a factual dispute as to whether his performance was satisfactory. Mr. Roach worked for Safeway for 40 years and was promoted from within to the role of store manager. This shows that at least previously Mr. Roach was performing satisfactorily. Although Safeway devotes much effort to demonstrating the problems with the performance of the stores managed by Mr. Roach, this was not the reason given for Mr. Roach's termination. Mr. Roach was terminated for using profanity after he was given a final warning in January 2011 about his use of profanity. Roach Dep. Ex. 21. Mr. Roach argues that both the underlying facts of these incidents and the seriousness of them are disputed. He points out that he is the only store manager that has been immediately terminated for using profanity in the workplace, (Roach Dep. ex. 22), and that Ms. Lucero, the district manager who terminated Mr. Roach, also uses profanity in the workplace regularly. Roach Aff. ¶ 13. Taking the facts in the light most favorable to Mr. Roach, as the Court must when considering summary judgment, there are facts to suggest that Mr. Roach was meeting the expectations of Safeway in the performance of his job. Therefore, Mr. Roach can establish a prima facie case of age discrimination.

Because Mr. Roach established a prima facie case of age discrimination, the burden shifts to Safeway to provide a legitimate, not discriminatory reason for terminating Mr. Roach. Safeway has provided a legitimate, not discriminatory reason: Mr. Roach's use of profanity to subordinate employees.

Finally, the burden shifts back to Mr. Roach to show that Safeway's legitimate non-discriminatory reason for terminating him was merely pretext for unlawful discrimination. Mr. Roach can show pretext either directly, by showing that the employer's reason was more likely motivated by discrimination, or indirectly, by showing that the proffered reason is not credible. *Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256 (1981). To show that Safeway's conduct was most likely motivated by discrimination, Mr. Roach offers that he was 60 years old at the time of his termination, that he was the oldest and most highly compensated store manager in the district at the time of his termination, and that several managers made comments to Mr. Roach about his age and inquired into when planned to retire. Further, that no other store managers were immediately terminated for using profanity is also indirect evidence that supports Mr. Roach's claim that Safeway's motivation for firing him was merely pretext.

There is a fact dispute as to Mr. Roach's performance of his job duties. As such, Mr. Roach has proffered evidence such that a reasonable jury could find that Safeway's decision to terminate Mr. Roach was not based on his using profanity on the store floor but that the decision was motivated, at least in part, by his age. Accordingly, summary judgment is not appropriate.

**Order**

Defendant's motion for summary judgment [#27] is DENIED.

DATED this 18th day of April, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge